**12 CIV 0253**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAMBALLA JEWELS ApS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BLING JEWELRY, INC.,<br>EJEWELER.COM LLC d/b/a<br>OVERSTOCKJEWELER.COM, and<br>ELANA CASTANEDA,<br><br>　　　　　　　　　　　Defendants. | Civil Action No. _____<br><br>**COMPLAINT**<br><br>**Demand for Jury Trial** |

Plaintiff Shamballa Jewels ApS ("Shamballa Jewels"), by its undersigned attorneys, brings this Complaint to redress, among other things, Defendants Bling Jewelry, Inc. ("Bling Jewelry"), Ejeweler.com LLC d/b/a overstockjeweler.com ("overstockjeweler.com"), and Elana Castaneda's ("Castaneda") (collectively, "Defendants") blatant and continuing acts of false designation of origin and unfair competition under the under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as detailed herein.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Shamballa Jewels' claims for unfair competition and false designation of origin pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) because these claims arise under the Lanham Act, 15 U.S.C. § 1125.

2. This Court has personal jurisdiction over Defendants because, upon information and belief, Bling Jewelry and overstockjeweler.com are registered to do business in this judicial district and Castaneda is an individual residing in this judicial district, and Defendants have conducted and routinely conduct, solicit and/or transact business within this judicial district,

derive substantial revenue from the sale, distribution and/or manufacture of goods or services within this judicial district, and/or have otherwise made or established constitutionally sufficient contacts in this judicial district to permit this Court's exercise of personal jurisdiction.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the acts complained of herein occurred in this judicial district and each party is subject to personal jurisdiction in this judicial district.

## THE PARTIES

4. Shamballa Jewels is a corporation organized under the laws of Denmark having an address at Grønnegade 36 Ground Floor, DK 1107 Copenhagen, Denmark.

5. Upon information and belief, overstockjeweler.com is a Delaware limited liability company having a principal place of business at 351 E 84th Street, Apartment 11A, New York, NY 10028.

6. Upon information and belief, Bling Jewelry is a Delaware corporation having a principal place of business at address at 351 E 84th Street, Apartment 11A, New York, NY 10028.

7. Upon information and belief, Castaneda is an individual residing at 351 E 84th Street, Apartment 11A, New York, NY 10028, and is the president and/or chief executive officer of overstockjeweler.com and Bling Jewelry.

## FACTS

8. Shamballa Jewels has its origins in a jewelry shop in Paris, where in 1994, Mads Kornerup began selling his distinctive line of jewelry under the SHAMBALLA mark.

9. In 1996, Kornerup moved his store from Paris to New York City and continued to design and sell his distinctive jewelry under the SHAMBALLA mark from his new retail location in the United States.

10. By 1998, Shamballa's unique and distinctive jewelry was being offered for sale and sold under the SHAMBALLA mark at exclusive department stores, such as Barneys of New York, Barneys of Japan, United Arrows of Japan, and Via Bus Stop in Japan.

11. In 2001, Mr. Kornerup developed the Star of Shamballa Collection, which featured, among other things, a unique and distinctive bracelet made of a collection of customizable uniformly-sized yellow gold or white gold balls containing diamonds or other precious stones, affixed in a circular band made of unique and distinctive woven macramé braiding (the "SHAMBALLA Bracelet").

12. The first SHAMBALLA Bracelet was sold in or around October 2001, to Shawn Corey Carter, also known as Jay-Z, a famous American rap music performer.

13. In 2004, Kornerup, along with his brother, Mikkel Kornerup, founded Shamballa Jewels. This coincided with the SHAMBALLA Bracelet being promoted and sold to the general public.

14. In 2005, the Star of Shamballa collection won the "Rising Star" title at the JCK Jewelry Show in Las Vegas. This gave the SHAMBALLA Bracelet, and the SHAMBALLA mark, further widespread exposure within the jewelry community.

15. In 2008, Kornerup further enhanced the distinctiveness of the Shamballa Bracelet design by incorporating a unique and distinctive square lock with two end balls (in yellow gold, white gold, platinum, or pavé). Examples of the Shamballa Bracelet containing the distinctive square lock design element are depicted below (the "SHAMBALLA Square Lock Bracelet"):

 

16. Since 1994, Shamballa Jewels has invested a substantial amount of time, energy, and resources in promoting the SHAMBALLA mark, in the United States and elsewhere, in connection with its distinctive jewelry.

17. Since 2004, Shamballa Jewels has invested a substantial amount of time, energy, and resources in developing Shamballa Jewels' unique and distinctive SHAMBALLA Bracelet and, since 2008, the SHAMBALLA Square Lock Bracelet (collectively, the "SHAMBALLA Bracelet Designs") and promoting these designs under the SHAMBALLA mark, in the United States and elsewhere.

18. Since their introduction, the SHAMBALLA Bracelet Designs have captivated the high-end jewelry market and have been the subject of substantial attention from the media and celebrities in the United States and around the world.

19. For example, the SHAMBALLA Bracelet Designs are owned by and/or have been worn by international sports and entertainment celebrities, such as Helena Christensen, Jay-Z, Michael Jordan, Heidi Klum, Boris Becker, Demi Moore, Gwyneth Paltrow, Ozzy Osbourne, Sharon Osbourne, Mary Kate Olsen, Jennifer Flavin, LeBron James, Georgio Armani, and Valentino Garavani.

20. The SHAMBALLA Bracelet Designs have also received extensive media coverage, and have been prominently featured in magazines in the United States and throughout

the world, including *Vogue, Vogue Paris, Vogue Italia, Vogue UK, Vogue Espana, V Man, Gotham Magazine, InStyle, Harpers Bazaar, Elle, Vanity Fair, Essence, Los Angeles Times Magazine, Details, Citizen K, Interview, Esquire, Marie Claire, V Magazine, Neiman Marcus InCircle Entrée, Riviera Magazine, Malibu Magazine, Elite Traveler*, and *Harrods Magazine*.

21.  The SHAMBALLA Bracelet Designs have attained considerable success in the marketplace and are available for sale throughout the world, including at retail locations in the United States, such as Barneys New York and Neiman Marcus, and through Shamballa Jewels' website, www.shamballajewels.com.

22.  Shamballa Jewels has promoted and sold jewelry under the SHAMBALLA mark in the United States continuously since at least 1996.

23.  Shamballa Jewels is the exclusive owner of all right, title, and interest in and to the SHAMBALLA mark.

24.  As a result of Shamballa Jewels' extensive use and promotion of its jewelery, including without limitation the SHAMBALLA Bracelet Designs, Shamballa Jewels has developed an extraordinarily valuable brand and reputation and has generated substantial goodwill that is symbolized by the SHAMBALLA mark. The public has come to recognize and associate the SHAMBALLA mark exclusively with Shamballa Jewels and its reputation for distinctive and fashionable designs and high quality products.

## DEFENDANTS' INFRINGEMENT AND UNLAWFUL ACTIVITIES

25.  Upon information and belief, Castaneda owns, operates, and/or controls several websites, such as overstockjeweler.com and blingjewelry.com, and is a seller at online marketplace stores, such as Amazon.com, operating under the name "Bling Jewelry."

26. Upon information and belief, Castaneda decides, among other things, which items are offered for sale and sold on overstockjeweler.com and blingjewelery.com and Amazon.com under "Bling Jewelry," and how they are referenced and/or described.

27. Shamballa Jewels recently learned that Defendants have been using the SHAMBALLA mark in connection with the manufacture, distribution, and/or sale of jewelry that bears a striking resemblance to the SHAMBALLA Bracelet Designs. Examples of Defendants' bracelets, as displayed on Amazon.com under the seller "Bling Jewelry," and on overstockjeweler.com and blingjewelry.com are depicted below:

**"Bling Jewelry" at Amazon.com**

 

**"Shamballa Bracelets" at overstockjeweler.com**

 

6

**"Shamballa Bracelets" at blingjewelry.com**

 

*See* Exh. 1 hereto. *See also* "Shamballa Bracelets" at overstockjeweler.com, available at http://www.overstockjeweler.com/shamballa-bracelets-c-332.html (last accessed January 11, 2012) and "Shamballa Bracelets" at blingjewelry.com, available at http://www.blingjewelry.com/shamballa-bracelets-c-368.html (last accessed January 11, 2012).

28. Upon information and belief, Castaneda oversaw, approved, and participated in, and continues to oversee, approve, and participate in, and is the moving, active conscious force behind, the manufacture, distribution, offer for sale, and/or sale of the imitation SHAMBALLA products available on overstockjeweler.com and blingjewelry.com, and Amazon.com under the seller "Bling Jewelry."

29. Shamballa Jewels has never authorized Defendants to use the SHAMBALLA mark (or any confusingly similar variations thereof) and certainly has never authorized Defendants to manufacture, distribute, offer for sale, and/or sell bracelets under the SHAMBALLA mark that bear a strong resemblance to the SHAMBALLA Bracelet Designs or any other SHAMBALLA design.

30. Defendants are using a mark that is identical and/or confusingly similar to Shamballa Jewels' SHAMBALLA mark.

31. Defendants are manufacturing, distributing, offering for sale, and/or selling bracelets under the SHAMBALLA mark that are substantially identical to bracelets made/sold by Shamballa Jewels.

32. The bracelets that Defendants manufacture, distribute, offer for sale, and/or sell are not manufactured or distributed by Shamballa Jewels. Defendants are not associated, affiliated, or connected with Shamballa Jewels, and Defendants are not authorized, sponsored, endorsed, or approved by Shamballa Jewels. Indeed, Defendants' "Shamballa" products are counterfeit products.

33. Upon information and belief, Defendants' imitation SHAMBALLA Bracelets are sold through the same or similar channels of trade as authentic SHAMBALLA products, including without limitation through the Internet.

34. Shamballa Jewels has used the SHAMBALLA mark in connection with jewelry, including without limitation the SHAMBALLA Bracelet Designs, extensively and continuously throughout the United States and the world since before Defendants began manufacturing, distributing, offering for sale, and/or selling their imitation SHAMBALLA products under the SHAMBALLA mark. Indeed, Castaneda admits as much on the "Bling Jewelry" Amazon.com storefront by specifically acknowledging that these bracelets are "HOT TRENDS." *See* Exh. 1.

35. Upon information and belief, Defendants were aware of Shamballa Jewels and its use of the SHAMBALLA mark in connection with jewelry, including without limitation the Shamballa Bracelet Designs, before Defendants began using the SHAMBALLA mark.

36. Defendants' use of the SHAMBALLA mark is likely to deceive, confuse, and mislead prospective and actual purchasers into believing that the bracelets sold by Defendants are manufactured by, authorized by, or in some other manner associated with Shamballa Jewels.

The likely confusion, mistake, and/or deception engendered by Defendants' misappropriation of the SHAMBALLA mark is causing immediate, substantial, and irreparable harm to Shamballa Jewels' goodwill and its reputation for high-quality and fashionable products.

37. Upon information and belief, Defendants have taken these actions with the intent to confuse actual and potential consumers into believing that Defendants are affiliated with or otherwise associated with Shamballa Jewels.

38. Upon information and belief, Defendants are knowingly, intentionally, and willfully infringing the SHAMBALLA mark and selling imitation SHAMBALLA products under the SHAMBALLA mark without license or authorization.

39. Upon information and belief, Defendants have acted with full knowledge of Shamballa Jewels' prior rights in/to the SHAMBALLA mark.

## FIRST CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN
## AND UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

40. Shamballa Jewels repeats and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

41. Shamballa Jewels has used the SHAMBALLA mark as a source identifier in connection with its jewelry in interstate commerce in the United States continuously and substantially exclusively since at least 1996.

42. Shamballa Jewels' use of SHAMBALLA as a source identifier of the source of its jewelry is arbitrary, and the SHAMBALLA mark is inherently distinctive and commercially strong.

43. Through extensive use and promotion since at least 1996, the SHAMBALLA mark has also acquired distinctiveness, i.e., secondary meaning, within the relevant market in the United States.

44. Defendants' use of the SHAMBALLA mark as an identifier of the source of their jewelry, including without limitation jewelry closely resembling the SHAMBALLA Bracelet Designs, has caused, and will continue to cause, and is likely to cause, confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants' goods and/or commercial activities before, after, and during manufacture, distribution, offer for sale, and/or sale for Defendants' imitation products.

45. Defendants' actions constitute false designation of origin and unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and these actions have caused and, unless enjoined by this Court, will continue to cause, a likelihood of confusion and public deception in the marketplace, and injury to the public and to Shamballa Jewels' goodwill and reputation for which Shamballa Jewels has no adequate remedy at law.

46. Upon information and belief, Defendants' actions have been willful, knowing, and intentional.

47. As a direct and proximate result of Defendants' false designation of origin and unfair competition, Defendants have caused, and is likely to continue causing, substantial injury to the public and to Shamballa Jewels, and Shamballa Jewels is entitled to preliminary and permanent injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, reasonable attorneys' fees and costs, treble damages in an amount to be determined at trial, and an order for destruction, pursuant to 15 U.S.C. §§ 1116, 1117, 1118 and 1125.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff Shamballa Jewels ApS requests that:

(1) The Court enter judgment that Defendants have engaged in false designation of origin and unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(2) Defendants and their respective agents, officers, employees, representatives, successors, assign, attorneys and all other person acting for, or on behalf of, Defendants, or in concert or participation with Defendants, be preliminarily and permanently enjoined from:

   (a) Using the SHAMBALLA mark, or any derivative or variant thereof, in connection with the manufacture, distribution, offer for sale, or sale of jewelry or in any other manner likely to cause confusion with Shamballa Jewels or its products/designs; and

   (b) Engaging in any acts of false designation of origin and unfair competition, as alleged herein;

(3) Defendants be ordered to recall and deliver up for impoundment and/or destruction all jewelry or other goods bearing the SHAMBALLA mark (and any variant thereof), along with any signs, packages, receptacles, advertising, promotional or marketing material, catalogs, images, photographs, graphical depictions, Internet websites, facebook, Twitter, and other social networking pages or websites, or other documents or materials in the possession, custody or control of Defendants that bear the SHAMBALLA mark (and any variant thereof), and also to deliver to each customer a copy of this Court's order as it relates to said injunctive relief against Defendants;

(4) Defendants be compelled to account to Shamballa Jewels for any and all profits derived by Defendants' activities as described herein;

(5) Shamballa Jewels be awarded all damages caused by the acts forming the basis of this Complaint, including without limitation Defendants' profits and Shamballa Jewels' actual damages;

(6) Based on Defendants' willful, knowing, and intentional infringement of the SHAMBALLA mark, the damages award be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

(7) Defendants be required to pay to Shamballa Jewels the costs of this action and Shamballa Jewels' reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

(8) Based on Defendants' willful, knowing, and intentional infringement of the SHAMBALLA mark and other conduct complained of herein, and to deter such conduct in the future, Shamballa Jewels be awarded punitive and/or enhanced damages, as available under the law; and

(9) Grant all such other and further relief to Shamballa Jewels as the Court may deem just and appropriate.

## JURY TRIAL DEMAND

Shamballa Jewels respectfully demands a trial by jury on all claims and issues so triable.

Dated: January 12, 2012

Respectfully submitted,

**NIXON PEABODY LLP**

_____
Gina M. McCreadie (GM6189)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
Tel: (617) 345-1000
Fax: (617) 345-1300
Email: gmccreadie@nixonpeabody.com

Attorneys for Shamballa Jewels ApS

Of Counsel:

Jason C. Kravitz (Mass. BBO# 565904)
(*Pro hac vice* admission to be requested)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
Tel: (617) 345-1000
Fax: (617) 345-1300
Email: jkravitz@nixonpeabody.com